UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 21-1851-VAP (KS)                                     Date: November 5, 2021

Title   *Joseph Ramirez v. People of The State of California*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: None          Attorneys Present for Respondent: None

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On November 1, 2021, Petitioner, a California state prisoner proceeding *pro se*, filed a "Motion of Modification of Sentence of Victim Restitution Pursuant to PC § 1202.4(f)(2)[,] PC § 1260, [and] 1170(d)." For purposes of properly filing the document in federal court, the intake department construed it as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1 (the "Petition").)[1]

**I.     Background**

Petitioner is in custody pursuant to a March 2018 conviction in the Riverside Superior Court. Petitioner was convicted of first-degree murder and sentenced to life without parole, plus 25 years to life for personally using a firearm in the commission of the murder. *People v. Ramirez*, No. E071941, 2020 WL 6375560, *1 (Cal. Ct. App. 2020). On direct appeal, the California Court of Appeal rejected claims challenging the denial of a bifurcation motion and the admission of gang-related evidence. The appellate court also struck a parole-revocation fine. Additionally, the appellate court reduced Petitioner's restitution fine from $10,000 to $300. *Id.* at *6-13. The California Supreme Court denied review of the California Court of Appeal's decision on January 31, 2021 (case no. S265784, *available at* http://appellatecases.courtinfo.ca.gov).[2] Petitioner has

---

[1]     For ease of reference, the Court cites to the page numbers assigned by the Court's Electronic Case Filing System.

[2]     Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1851-VAP (KS)                                           Date: November 5, 2021

Title   *Joseph Ramirez v. People of The State of California*

filed at least one state habeas petition in the California Court of Appeal.  That petition was summarily denied on September 10, 2021 (case no. E077499, *available at* http://appellatecases.courtinfo.ca.gov).  There is no record of a state habeas petition having been filed by Petitioner in the California Supreme Court.

Petitioner comes to this Court raising constitutional challenges to a separate victim restitution fine that Petitioner did not challenge on direct appeal.  (Dkt. 1 at 2-9, 14.)  Further, Petitioner candidly states that he:

> must . . . make it clear that this motion has nothing to do with his current writ of habeas on appeal #E071941 which is due in the U.S. District Court by April 2022.  Petitioner is currently in the process of research because he will be raising new claims in the state court.  [These are] claims that his [appellate] attorney prevented him from raising [in] his original appeal.  The reason this is being done separate[ly] in this fashion is because his [appellate] attorney instructed/advised him that he must do it like this and alone, by himself.  (See Exhibit D.)  So Petitioner is in fact in the process of raising new issues, grounds [for] relief from his conviction and challenging his conviction in a state writ of habeas corpus [petition] that will make its way to this Court[] separate from this Motion on his appeal case #E071941.

(Dkt. No. 1 at 1.)

Exhibit D to the pending Petition is a copy of a letter from Petitioner's appointed state appellate counsel to Petitioner, dated February 15, 2020, which provides as follows:

> I am enclosing the supplemental opening brief raising two restitution issues I filed in your case.  The Attorney General will file a respondent's brief and I can file a reply brief if one is needed.
>
> The big restitution issue - victim restitution imposed in the amount of $13,175 to the Victim Restitution Fund pursuant to section 1202.4, subdivision (f) - is something you will have to pursue on your own.  I am enclosing the text of the restitution statute.  If you will review section 1202.4, subdivision (f)(1), you can go from there with your request to the court to modify the restitution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1851-VAP (KS)                                    Date: November 5, 2021

Title   <u>Joseph Ramirez v. People of The State of California</u>

>   amount.  It is a request that needs to be made in the superior court, so realize you
>   are on your own with this argument.

(Dkt. No. 1 at 14.)

Finally, in an attached declaration, Petitioner alternatively requests a stay of this action under *Rhines v. Weber*, 544 U.S. 269 (2005) so he can continue exhausting his claims in state court.  (Dkt. No. 2 at 1-3.)

## II.   Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because the claims therein appear to be unexhausted**.  **To discharge this Order and avoid dismissal, Petitioner, no later than November 26, 2021, must file a First Amended Petition showing that the claims raised are exhausted.**

## III.   The Petition is Unexhausted

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Accordingly, the habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1851-VAP (KS)                              Date: November 5, 2021

Title   *Joseph Ramirez v. People of The State of California*


To satisfy the federal habeas statute's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). However, it appears that Petitioner has not presented his current claims to the state supreme court – he did not raise the claims in his direct appeal and there is no record of him filing any habeas petition in the California Supreme Court. Consequently, the Petition is subject to dismissal as wholly unexhausted. *Rose*, 455 U.S. at 510, 521.

### IV.   A Subsequent Petition Challenging the 2018 Conviction May Be Barred

Perhaps of greater consequence to Petitioner, state habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); 28 U.S.C. § 2244(b)(2) (with certain exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted). Furthermore, even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1851-VAP (KS)                                            Date: November 5, 2021

Title   *Joseph Ramirez v. People of The State of California*

If Petitioner elects to proceed on his current Petition and the Court decides the issues on the merits, Petitioner may subsequently be barred from, and at the very least *will* be required to seek permission from the Ninth Circuit to, file a new habeas petition challenging any aspect of his 2018 murder conviction and sentence. Notably, Petitioner states that he is "in the process of raising new issues, grounds [for] relief from his conviction and challenging his conviction in a state writ of habeas corpus [petition] that will make its way to this Court[] separate from this Motion." (Dkt. No. 1 at 1.) Pursuant to 28 U.S.C. § 2244(b), Petitioner may be barred from bringing any new claims if the current Petition is decided on the merits. Additionally, Petitioner represents that he filed this action at the behest of his state appellate attorney. (Dkt. No. 1 at 1.) However, it appears Petitioner may have misunderstood his lawyer's instructions, as the letter Petitioner attaches from the attorney specifically directs Petitioner to raise his current challenges to the victim restitution fine "in the superior court." (Dkt. No. 1 at 14.)

V.      **Conclusion and Order**

Petitioner's request for a stay of this action under *Rhines* is summarily **DENIED** without prejudice. (*See* Dkt. No. 2 at 1-3.) First, a *Rhines* stay applies to *mixed* petitions containing both exhausted and unexhausted claims. *Rhines*, 544 U.S. at 271. On its face, the pending Petition is not mixed but wholly unexhausted. Second, by Petitioner's own calculation of the applicable statute of limitations, a federal habeas petition challenging his 2018 murder conviction would not be due in this Court until April 2022. (Dkt. No. 1 at 1.) Moreover, Petitioner may be entitled to statutory tolling for the time any properly-filed habeas petition is pending in the state courts, further extending the April 2022 deadline. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Based upon the foregoing, at this stage Petitioner has not demonstrated a need for a "protective petition" to avoid an untimely filing. *Pace*, 544 U.S. at 416. The Court's ruling is without prejudice to Petitioner renewing the stay request in the future if he determines it is necessary.

Further, in the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before November 26, 2021 why the Petition should not be dismissed** – that is, Petitioner must file, no later than **November 26, 2021**, a First Amended Petition for Writ Of Habeas Corpus that establishes that the claims therein are fully exhausted because Petitioner presented them to the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1851-VAP (KS)                                         Date: November 5, 2021

Title   <u>Joseph Ramirez v. People of The State of California</u>

Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.

**Alternatively, PETITIONER MAY VOLUNTARILY DISMISS THE CURRENT ACTION SO HE CAN PRESENT A COMPLETE PETITION WITH ALL OF THE CLAIMS HE INTENDS TO BRING** challenging his 2018 murder conviction and sentence within the applicable limitations period.  If Petitioner no longer wishes to pursue this action, **he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1)**.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED.**

:

**Initials of Preparer**   gr